# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 20-10091
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Bruce Kintrell Green,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-150-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Bruce Kintrell Green was sentenced to 24 months of imprisonment after violating the terms of his supervised release. On appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates a term of imprisonment for any offender who violates certain conditions of supervised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10091

release such as possessing a controlled substance or refusing to comply with the drug-testing requirement.  Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Green contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial, which requires proof beyond a reasonable doubt.  He concedes that his plain-error challenge is foreclosed under *United States v. Badgett*, 957 F.3d 536 (5th Cir. 2020), but he raises the issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance and, alternatively, for an extension of time to file its brief.

The Supreme Court held in *Haymond* that revocation of supervised release and imposition of a mandatory minimum sentence pursuant to 18 U.S.C. § 3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury.  *See Haymond*, 139 S. Ct. at 2378-83.  Unlike § 3583(k), which mandated a mandatory minimum of five years for certain offenses such as possession of child pornography, § 3583(g) does not provide for a mandatory minimum sentence based on judge-found facts.  *See* § 3583(g), (k).  Further, the *Haymond* plurality limited its decision to § 3583(k) and its mandatory minimum provision.  *See Haymond*, 139 S. Ct. at 2382-84 & n.7.  In *Badgett*, we held that, because *Haymond* had not been extended to § 3583(g) revocations, the district court did not commit clear or obvious error in applying the statute.  *See Badgett*, 957 F.3d at 540-41.

In view of *Badgett*, Green's sole argument on appeal is foreclosed.  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

2